■ DAVID RANDAZZO, an Infant, by His Mother and Natural Guardian, JOANNE RANDAZZO, et al., Respondents, v PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant Pepsi-Cola Metropolitan Bottling Company, Inc., appeals from an order of the Supreme Court, Queens County (Leahy, J.), dated February 13, 1986, which denied its motion for leave to inspect the allegedly defective product in this action.

Ordered that the order is reversed, without costs or disbursements, and the appellant's motion is granted. The inspection shall be conducted at the office of the plaintiffs' counsel upon written notice of at least 10 days, or at such time and place as the parties may agree.

In 1983, a physical inspection of the offending soda bottle was conducted on behalf of a party, Pepsico, Inc., which was proven thereby to have been wrongly sued. Subsequently, the defendant Pepsi-Cola Metropolitan Bottling Company, Inc., apparently a wholly owned independent subsidiary of Pepsico, Inc., was voluntarily substituted for its parent, and agreed to be bound by prior discovery proceedings. It appears that such agreement may have been improvident insofar as Pepsi-Cola Metropolitan Bottling Company, Inc., now asserts that the expert who conducted the prior inspection left the employ of Pepsico, Inc., at the end of 1983 and never filed a written report because Pepsico, Inc., had not been responsible for the contents of the bottle, or its sealing and closure. Under these particular circumstances and in the absence of any demonstrated prejudice to the plaintiffs, Pepsi-Cola Metropolitan Bottling Company, Inc., should have been granted leave to conduct a second inspection of the offending soda bottle. Mollen, P. J., Bracken, Lawrence, Kooper and Sullivan, JJ., concur.